## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

| | |
|---|---|
| STANLEY L. WILLIAMS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 06-0074-CV-W-HFS-P |
| ) | |
| MIKE KEMNA, et al., ) | |
| ) | |
| Respondents. | |

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2002 convictions and concurrent sentences for violation of an adult abuse order, first degree burglary, and victim tampering, which were entered in the Circuit Court Jackson County, Missouri. Petitioner raises four (4) grounds for relief, all of which assert that he is actually innocent of all of the charged crimes. Among other things, petitioner contends that the victim lied, the state lost jurisdiction over him on the violation of the adult abuse order because the statute of limitations expired, that he could not have committed first degree burglary because the victim admitted that petitioner lived with her, and that he never was arrested for first degree burglary or victim tampering. Doc. No. 1, pp. 6-11.

Respondents contend that all of petitioner's grounds for relief are procedurally barred from federal habeas corpus review because petitioner did not raise any challenge to the sufficiency of the evidence or allege his actual innocence in his direct appeal, see Respondents' Exhibit J, p. 2; Respondents' Exhibit H, pp. 20-23, and because petitioner did not raise any such claims in the appeal from denial of post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15. See Respondents' Exhibit N; Exhibit L; Doc. No. 6, pp. 2-4.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

If petitioner contends that ineffective assistance of direct appeal or Rule 29.15 appellate counsel caused his state procedural default, he may not do so because claims of ineffective assistance of counsel must have been independently presented in a timely manner to the state courts in order to be used to show the alleged cause for state procedural default. Edwards v. Carpenter, 529 U.S. 446, 451 (2000). Because petitioner failed properly to present the alleged ineffectiveness of direct appeal and/or appellate post-conviction counsel to the state courts, he has failed to demonstrate legally sufficient cause for his default. Moreover, ineffective assistance of post-conviction counsel or post-conviction appellate counsel cannot constitute cause for petitioner's default. See Clemmons v. Delo, 124 F.3d 944, 947-48 (8th Cir. 1997), cert. denied, 523 U.S. 1088 (1998).

Petitioner also has failed to show that a fundamental miscarriage of justice will result if his defaulted claims are not considered. See Weeks v. Bowersox, 119 F.3d 1342, 1350 (8th Cir. 1997) (petitioner must make a showing of "actual innocence"[1] in order to fit within the fundamental

---

[1] Petitioner also does not state an independent constitutional violation occurring in the underlying state criminal proceeding; therefore, he has not stated a ground for federal habeas
2

Case 4:06-cv-00074-HFS   Document 13   Filed 06/21/06   Page 2 of 3

miscarriage of justice exception) (en banc) (citing Schlup v. Delo, 513 U.S. 298 (1995)), cert. denied, 522 U.S. 1093 (1998). Petitioner's claims raise legal, not factual, innocence, which do not provide a basis for habeas corpus relief. Pitts v. Norris, 85 F.3d 348, 350 (8th Cir.), cert. denied, 519 U.S. 972 (1996). Grounds 1-4 will be denied.

Accordingly, it is **ORDERED** that the petition for writ of habeas corpus is denied, and this case is dismissed.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:     6/21/06          .

---

corpus relief as to any claim of actual innocence. See Herrera v. Collins, 506 U.S. 390, 400 (1993).

3